
JRB: USAO 2019R00639


FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 JAN 27 P 4: 07

CLERK'S OFFICE
AT GREENBELT
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO. PX-19-454** |
| **DAIQUAN MALIK BARNETT,** | * | (Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1); Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841(a); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| **Defendant** | * | |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
### (Felon in Possession of a Firearm and Ammunition)

The Grand Jury for the District of Maryland charges that:

On or about September 17, 2019, in the District of Maryland, the defendant,

**DAIQUAN MALIK BARNETT,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition—that is, a Polymer80, Inc., Model PF940V2, semi-automatic pistol, loaded with 13 rounds of 9mm ammunition—and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

# COUNT TWO
## (Possession of Controlled Substances with Intent to Distribute)

The Grand Jury for the District of Maryland further charges that:

On or about September 17, 2019, in the District of Maryland, the defendant,

**DAIQUAN MALIK BARNETT,**

knowingly and intentionally possessed with the intent to distribute (1) a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance; (2) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance; and (3) a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT THREE
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about September 17, 2019, in the District of Maryland, the defendant,

**DAIQUAN MALIK BARNETT,**

did knowingly possess a firearm, that is, a Polymer80, Inc., Model PF940V2, semi-automatic pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841, as set forth in Count Two of this Superseding Indictment and incorporated here.

18 U.S.C. § 924(c)(1)(A)(i)

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One through Three of this Superseding Indictment.

## Firearm and Ammunition Forfeiture

2. Upon conviction of any of the offenses set forth in Counts One and Three of this Superseding Indictment, the defendant,

**DAIQUAN MALIK BARNETT,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunitions involved in the commission of the offense.

## Narcotics Forfeiture

3. Upon conviction of the offense set forth in Count Two, the defendant,

**DAIQUAN MALIK BARNETT,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a): (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and (b) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

## Substitute Assets

4. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property.

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Robert K. Hur* /jrb
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Date: 1/27/2020